**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| COUNTY OF ANGELINA,<br><br>        Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.<br><br>        Defendants. | Case No. 4:18-cv-04707 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## MOTION TO RECONISDER ORDER GRANTING REMAND

Plaintiff COUNTY OF ANGELINA respectfully submits this Response to Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company (collectively "Purdue") motion to reconsider the Court's February 21, 2019 Order granting Plaintiff's motion to remand.[1] The Court lacks jurisdiction to consider Purdue's motion. But even if jurisdiction were to exist, Purdue's motion does nothing more than rehash its prior arguments. Purdue presents no new evidence, no change in law, no manifest injustice, and no manifest error of law or fact. The Court's decision was correct – Purdue has not met its burden in establishing complete diversity.

### I.    The Court Lacks Jurisdiction to Consider Purdue's Motion.

The Court filed its remand order and closed the case on February 21, 2018. The order was entered, and the case file was sent to the state court on February 22, 2019. Purdue did not file its

---

[1] Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion filed within ten days is treated as a motion to alter or amend under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Motion to reconsider until later in the day on February 22, 2019, after the Court no longer had jurisdiction.

Remanding a case to state court terminates the jurisdiction of a district court over that case. *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (*citing United States v. Rice*, 327 U.S. 742, 66 S. Ct. 835, 90 L. Ed. 982 (1946)); *Robertson v. Ball*, 534 F.2d 63, 66 n. 5 (5th Cir. 1976)("Once the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect."). "Once a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action." *Browning*, 743 F.2d at 1078-79 (*quoting Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)). The Court had already sent the case file to the state court when Purdue's motion was filed. As a result, the Court is without power to consider Purdue's motion.

## II. Purdue's Motion Is a Waste of Judicial Time and Resources.

Motions for reconsideration "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Intl. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (*quoting Keene Corp. v. International Fidelity Insurance Co.*, 561 F. Supp. 656, 665 (N.D.Ill. 1982), *affd.* 735 F.2d 1367 (7th Cir. 1984)). Given this narrow purpose, the Fifth Circuit has found that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. " *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[T]he standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Motions for reconsideration should not be used to re-urge matters that have already been advanced by a party. *Helena Labs. Corp. v. Alpha Sci. Corp.,* 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (*quoting Browning v. Navarro,* 894 F.2d 99, 100 (5th Cir. 1990)). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Id.* (*quoting Resolution Trust Corp. v. Holmes,* 846 F.Supp. 1310, 1316 (S.D. Tex. 1994)). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where the parties simply relied on the same arguments they had previously made). A Rule 59 (e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *May v. Isbell*, No. H-09-0865, 2010 U.S. Dist. LEXIS 87041, at *1 (S.D. Tex. 2010).

Purdue advances no new facts, theories or law. Indeed, Purdue's sole argument is that other courts have denied remand so this Court should too. Because Purdue has done nothing more than rehash the same argument it previously made, its motion should not be granted.

### III. The Remand Order Was Not Clearly Erroneous And Was Not Based Upon a Manifest Error of Law or Fact.

Because Purdue has not offered any new evidence or intervening change in law, Plaintiff presumes Purdue believes the remand order was based upon a manifest error of law or fact or was clearly erroneous so as to create manifest injustice. But that is not true. The Court considered the

parties' citizenship and explicitly found complete diversity lacking. Purdue failed to meet its burden of proof.

In its removal, opposition to remand, and now in the motion to reconsider, Purdue focused solely on the citizenship of Dr. Richard Sackler. Dr. Sackler was described as a trustee of a Connecticut trust that owns a limited partnership interest in Rosebay, Medical Company L.P., which holds a partnership interest in BR Holdings Associates L.P., which holds a partnership interest in Pharmaceutical Research Associates, L.P. (formerly known as Purdue Holdings L.P.), which owns a partnership interest in Purdue Pharma L.P. (Doc. 11 at 4.)

Purdue failed to provide sufficient evidence to establish that Dr. Sackler no longer domiciles in Texas (citing only a hearsay declaration without supporting evidence). Moreover, Purdue did not meet its burden of proof to establish complete diversity of citizenship because it failed to provide a "distinct statement of the citizenship of the parties." *Cameron v. Hodges*, 127 U.S. 322, 325 (1888) (cited as "the governing precedent" in *In D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011)).

As party seeking removal, Purdue bore the burden of establishing federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.* If Purdue failed to meet its burden of establishing federal jurisdiction, a federal court "cannot presume the existence of federal jurisdiction" but instead "must presume that a suit lies outside [the court's] limited jurisdiction." *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916, 919 (5th Cir. 2001).

Purdue asserted that federal jurisdiction lies because there is a complete diversity of citizenship—or all persons on one side of the controversy are citizens of different states than all

persons on the other side.[2] *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of a limited partnership, like Purdue Pharma, L.P., is based upon the citizenship of each of its partners. *Id*. But Purdue failed to "distinctly and affirmatively allege" the citizenship of Purdue Pharma, L.P., focusing instead on only one component of what appears to be a large and complicated chain of ownership. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D.Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states").

"[T]he 'appropriate tests for citizenship' involve 'tracing [entities'] citizenships down the various organizational layers where necessary . . . .'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) *(quoting Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). The Fifth Circuit demands strict adherence to the rule that "citizenship must be 'distinctly and affirmatively alleged.'" *Howrey,* 243 F.3d at 919, n.34.

Purdue asserted that the partners of Purdue Pharma L.P. are "citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands," but provides no further information regarding the partners of the limited partnership and/or the ownership structure. (Doc. 1 at ¶12.)  In its opposition to Plaintiff's Motion to Remand, Purdue provided a hint at the complicated ownership structure of Purdue Pharma L.P., referencing a trust and three limited partnerships in part of the chain of ownership of Defendant Purdue Pharma, L.P. (Doc. 11 at 4.)  But Purdue provides no further information regarding the partners or ownership structure of Purdue Pharma L.P. To determine the citizenship of a limited partnership, the court

---

[2] The parties did not dispute that the amount in controversy exceeds the $75,000 required minimum.

"need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

In *Meyerson v. Showboat Marina Casino P'Ship*, the removing defendant described its citizenship as "an Indiana general partnership whose partners/members are two additional Indiana general partnership… Neither [defendant] nor any of its aforementioned constituent members are citizens of the state of Michigan… [Defendant's] citizenship is in no other state but Indiana." 312 F.3d 318, 320 (7th Cir. 2002). The Seventh Circuit held that this was wholly insufficient because "their statement does not tell us the identity and citizenship of the partners in the two entities that own [Defendant]. Far from showing jurisdiction, this statement multiples the questions by increasing from one to two the number of partnerships whose partners' citizenship matters." *Id*. at 320-21. Endo provided an equally insufficient statement regarding the citizenship of Defendant Purdue Pharma, L.P.

Purdue's allegations of citizenship fell "manifestly short of distinctly and affirmatively alleging … citizenship." *See Mullins v. TestAmerica, Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008). Because Purdue failed to identify all partners or members in the ownership structure of Purdue Pharma, L.P., Purdue failed to meet its burden. Without this information, the Court could not determine citizenship. And because the Court cannot presume the existence of federal jurisdiction, the Court appropriately found that remand is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that Purdue's Motion to Reconsider be denied, and this matter remains remanded to the 152nd Judicial District Court of Harris County, Texas for further proceedings in MDL No. 18-0358, In Re: Texas Opioid Litigation.

Dated: February 28, 2019

Respectfully submitted,

By: */s/ David Greenstone*
**SIMON GREENSTONE PANATIER, P.C.**
David Greenstone
TX State Bar No. 24007271
Jeffrey B. Simon
TX State Bar No. 00788420
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Tel: (214) 276-7680
Fax: (214) 276-7699
dgreenstone@sgptrial.com
jsimon@sgptrial.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2019, a copy of the foregoing document

was served on all counsel of record via the Court's ECF system and/or via U.S. Mail.

/s/ Jeffrey Simon